IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JENNIFER WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-3224-CV-S-ODS |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION AFFIRMING
## COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her application for disability benefits. The Commissioner's decision is affirmed.

## I.

Plaintiff was born in March 1974, and has prior work experience as a cook, food service worker, cleaner, janitor, and convenience store clerk. Plaintiff claimed disability based primarily on obesity and varicose veins beginning in December 2009. The administrative law judge ("ALJ") issued his decision on February 21, 2012, finding, among other things, that Plaintiff:

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with sitting six hours total in an eight-hour workday, standing and walking four to six hours total in an eight-hour workday, with an option to sit or stand 15 minutes per hour, lifting 20 pounds occasionally 10 pounds frequently, no climbing ladders, ropes, or scaffolds, no work at unprotected heights, and occasional climbing ramps or stairs, balancing, stooping, kneeling, crouching and crawling.

R. 26. The ALJ concluded that Plaintiff was not disabled.

## II.

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial

evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *Forsythe v. Sullivan*, 926 F.2d 774, 775 (8th Cir. 1991) (citing *Hutsell v. Sullivan*, 892 F.2d 747, 749 (8th Cir. 1989)). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

### A. Plaintiff's Credibility

Plaintiff contends the ALJ erred in failing to find her testimony regarding disabling impairments to be wholly credible. The Court disagrees.

The Court finds there is substantial evidence on the Record as a whole to support the finding that Plaintiff's allegations of complete inability to do work are not credible. First, the ALJ properly found that Plaintiff's activities of daily living were inconsistent with her assertion of disability. R. 27. Plaintiff's activities of daily living include: biweekly grocery shopping, cooking, house cleaning, washing, doing the dishes and laundry, vacuuming, personal care, watching television, attending church, socializing with friends, using a computer, and working part-time. R. 27, 177-80. "'[A]cts which are inconsistent with a claimant's assertion of disability reflect negatively upon that claimant's credibility.'" *Heino v. Astrue*, 578 F.3d 873, 881 (8th Cir. 2009) (quoting *Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001)).

The ALJ also considered Plaintiff's part-time work when assessing Plaintiff's credibility. The Record shows that Plaintiff worked part-time as a janitor during her alleged period of disability. R. 27, 40, 85, 246. Despite Plaintiff's argument to the contrary, the ALJ specifically acknowledged that this part-time work did not constitute substantial gainful activity. R. 24. Nevertheless, it was proper for the ALJ to consider Plaintiff's part-time work when assessing Plaintiff's credibility. *See Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) ("Working generally demonstrates an ability to perform a

substantial gainful activity."); *Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004) ("It was also not unreasonable for the ALJ to note that [the claimant's] . . . part-time work [was] inconsistent with her claim of disabling pain."); *see also Browning v. Sullivan*, 958 F.2d 817, 823 (8th Cir. 1992).

Plaintiff argues the ALJ was not permitted to use his observations at the hearing to any extent in the credibility assessment. The Court disagrees. The ALJ noted that although Plaintiff alternated sitting and standing at the hearing, she did not evidence disabling pain or discomfort while testifying at the hearing. R. 27. The ALJ noted "[t]he hearing was short-lived and cannot be considered a conclusive indicator of the claimant's overall level of pain on a day-to-day basis, but the apparent lack of discomfort during the hearing is given some slight weight in reaching the conclusion regarding the credibility of the claimant's allegations and the claimant's residual functional capacity." R. 27. These observations were properly considered when assessing Plaintiff's credibility. *See Johnson v. Apfel*, 240 F.3d 1145, 1147-48 (8th Cir. 2001) ("The ALJ's personal observations of the claimant's demeanor during the hearing [are] completely proper in making credibility determinations.").

Although it may be that any one of these factors alone would be insufficient to justify the ALJ's findings, collectively they serve as substantial evidence supporting the ALJ's decision—particularly given that the primary responsibility for the assessment lies with the ALJ and not the Court. The ALJ is in the best position to determine a claimant's credibility, and thus this Court grants the ALJ deference in that regard. *See Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001). Accordingly, the Court concludes that there is substantial evidence on the Record as a whole to support the ALJ's credibility assessment.

### B. Weight of Ms. Mieswinkle's Opinion

Plaintiff argues the ALJ erred by failing to give controlling weight to the opinion of Plaintiff's treating nurse practitioner, April Mieswinkle Thompson. The Court disagrees.

Ms. Mieswinkle completed a Medical Source Statement Physical and opined that Plaintiff could lift five pounds, stand and walk 20 minutes and three hours total and sit

two hours with legs elevated. Ms. Mieswinkle opined that Plaintiff was limited in pushing and pulling, and she could occasionally climb, balance, stoop, kneel, crouch, crawl, reach, handle, finger, and feel. Ms. Mieswinkle later reported that Plaintiff was diagnosed with severe varicose veins, and that it would be detrimental to her health to stand for any length of time. The ALJ noted that he gave appropriate consideration to Ms. Mieswinkle's opinion, but because it was without substantial support from the other evidence of record, he rendered it less persuasive. R. 28

The Court concludes there is substantial evidence on the Record as a whole to support the ALJ's finding that Ms. Mieswinkle's opinions were "less persuasive." As the ALJ noted, Ms. Mieswinkle relied on Plaintiff's subjective complaints of symptoms and limitations provided by Plaintiff, and "uncritically accept[ed] them as true." R. 28. As previously discussed, the ALJ properly found Plaintiff's allegations of complete inability to do work were not credible. Further, as the ALJ pointed out, Ms. Mieswinkle's opinion is not supported from other evidence in the record.

Plaintiff argues "there is a plethora of objective medical evidence, which strongly supported the limitations in the MSS-P" completed by Ms. Mieswinkle. However, Plaintiff's argument ends there and provides no citation to the Record. Nevertheless, there is nothing in the Record to suggest that Plaintiff's varicose veins caused significant functional limitations. R. 265-68, 275-79, 335-51, 403-05, 409. One treatment record indicated that Plaintiff's veins made her itch, and a clinician provided medication. R. 275. Although Plaintiff was referred to a specialist for her varicose veins in December 2009, there is no mention in the treatment record regarding any debilitating symptoms. R. 244-45. The Court concludes the ALJ properly weighed Ms. Mieswinkle's opinion.

### C. Remaining Arguments

Plaintiff makes several remaining arguments in which the Court rejects. Plaintiff claims certain errors occurred and cites the law related to these claims, but does not explain why the Record supports her claim or otherwise explain why the error occurred in this case. For instance, she claims the ALJ erred in failing to find certain medical

4

conditions were severe. She cites a regulation describing what it means for a medical condition to be considered severe. However, she does not relate this argument to any portions of the Record that demonstrate the ALJ erred. These arguments present nothing for the Court to consider, and for that reason they are rejected.

In other instances, Plaintiff makes arguments that do not even relate to this case. For instance, Plaintiff argued that "[t]he Dr. Teeter's MSS-P is 'uncontradicted in the record.'" The Court is unable to find any reference to, or an opinion of, a Dr. Teeter in the Record. Plaintiff also argues an ALJ is not entitled to rely on an assessment from a Single Decision Maker, but there is nothing in the ALJ's opinion suggesting that he relied on a Single Decision Maker's opinion in assessing Plaintiff's RFC. Again, these arguments present nothing for the Court to consider and are rejected.

Finally, the Court rejects Plaintiff's argument that the ALJ failed to consider her "extreme" obesity. The ALJ found that Plaintiff's severe impairments included "morbid obesity." R. 24. The ALJ also specifically addressed and discussed Plaintiff's obesity when considering her ability to perform work-related functions. R. 29. The ALJ considered any functional limitations resulting from the obesity and included them in the residual functional capacity assessment. R. 29. It was not necessary for the ALJ to mention "extreme obesity" in the hypothetical question posed to the Vocational Expert as the limitations resulting from Plaintiff's obesity were already included in the RFC.

### III.

The Commissioner's final decision is affirmed.

IT IS SO ORDERED.

DATE: July 9, 2014

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT